UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANK TAMMERA, SR.,

        Plaintiff,

v.

YITZ GROSSMAN, WERNER HAASE, and DAVID KATZ,

        Defendants.

Civ. No. 10-569 (DRD)

**O P I N I O N**

    The pro se Plaintiff, Frank Tammera, Sr., wrote a letter to the Court, filed on May 20, 2010, requesting that the Court reconsider its Opinion and Order dated March 29, 2010. The Court will construe the letter as a motion for reconsideration. For the following reasons, the Court determines that the motion for reconsideration should be denied.

    Mr. Tammera filed his pro se Complaint on February 2, 2010, accompanied by an application to proceed in forma pauperis ("IFP"), without the prepayment of fees, cost or security. The Complaint asserts generally[1] that the Defendants, Yitz Grossman, Werner Haase, and David Katz (collectively, "Defendants") bought the company Mr. Tammera founded with the intent to steal a technical process he had invented. They looted the company and left him destitute. In 1989, Mr. Tammera filed a complaint against the Defendants in a state court in New Jersey that culminated in an 80-day trial and an opinion issued by the state court judge in 1996. One of the defendants, Mr. Grossman, was later incarcerated after the federal government

---

[1] The facts underlying Mr. Tammera's claims are laid out in detail in the Court's March 29, 2010 Opinion.

1

brought criminal charges against him in 2003 and 2005 for his involvement in nine schemes, one of which was the looting of Mr. Tammera's company, Pure Tech International, Inc.

The Court conducted an initial review of Mr. Tammera's Complaint at the earliest practicable time, as required by 28 U.S.C. § 1915(e)(2), and dismissed the Complaint based on the Rooker-Feldman doctrine and the applicable statutes of limitations.

As described at length in the Opinion and Order dated March 29, 2010, the Court Mr. Tammera's claims are barred by the Rooker-Feldman doctrine since the instant Complaint asserts that the New Jersey trial court erred in its consideration of the case he filed in 1989, which involved the same underlying events and defendants asserted in the present matter.  The present Complaint states that the trial was conducted in a manner that was unfair to him.

The Court explained in its previous Opinion, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."  Tammera v. Grossman, Civ. No. 10-569, 2010 U.S. Dist. LEXIS 32641, *10-11 (D.N.J. March 29, 2010) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006)).  The Court noted that is powerless to reverse the rulings of the New Jersey Courts and dismissed the claims in this action which challenge previous rulings by the New Jersey Courts.

As described more fully in the Court's prior Opinion, Mr. Tammera's claims are also time-barred.  Mr. Tammera had enough information to assert his injury in 1989; all of the applicable statutes of limitations have run in the intervening 21 years that have passed since Mr. Tammera brought his original claim in state court based on the same underlying events he alleges in this case.  Mr. Tammera's Complaint asserts that the Court should allow his claims because in 2003 and 2005 he discovered new evidence of the fraud perpetrated on him by the Defendants.  As the Court explained in the previous Opinion, under both New Jersey and Federal

law, a cause of action accrues when the plaintiff knew or should have known of its existence. Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd., 181 F.3d 410, 425 (3d Cir. 1999). When the gist of the action is fraud concealed from the plaintiff, the statute begins to run on discovery of the wrong or of facts that reasonably should lead the plaintiff to inquire into the fraud. Id. (citing Lopez v. Swyer, 62 N.J. 267 (1973)). The Court previously held that Mr. Tammera had enough knowledge of the fraudulent scheme in 1989 to file a claim, so the statutes of limitations began to run at that time.

A motion for reconsideration is a "very limited procedural vehicle," Resorts Int'l v. Greate Bay Hotel & Casino, 830 F. Supp. 826, 831 (D.N.J. 1992). A party seeking reconsideration must satisfy a high burden, and must "rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Mr. Tammera has not asserted that the controlling law has changed, new evidence is available, or that the Court's previous Opinion contained any error of law. The Court sees no reason to reconsider its previous Opinion.[2] Although Mr. Tammera alleges that the Defendants injured him, this Court is unable to grant him relief because his claims are barred.

For the foregoing reasons, the motion for reconsideration is denied and this case will remain closed. The Court will enter an order implementing this opinion.

    s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: June 18 2010

---

[2] Additionally, according to Local Civil Rule 7.1(i), a motion for reconsideration must be filed 14 days after the entry of an order. Here, the order was entered on March 29, 2010, and Mr. Tammera filed his letter requesting reconsideration on May 20, 2010, almost two months later. Thus, Mr. Tammera's motion is untimely.